# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# HATTIESBURG DIVISION

**WOODY C. CALHOUN, et al.**  PLAINTIFFS

**V.**  CIVIL ACTION NO. 2:12-CV-70-KS-MTP

**GROUP CONTRACTORS, LLC**  DEFENDANT

### MEMORANDUM OPINION AND ORDER

For the reasons stated below, the Court **denies** Plaintiffs' Motion to Remand [5]. The parties shall contact the chambers of the Magistrate Judge as instructed in the Court's order [8] of May 30, 2012.

### I. BACKGROUND

On January 4, 2011, Plaintiff Woody Calhoun's vehicle was struck by a truck owned by Defendant. Plaintiff suffered injuries. Almost immediately after the accident, the parties' attorneys began corresponding with one another regarding the preservation of evidence and the possibility of settling any potential claims.

On May 27, 2011, Plaintiffs' counsel sent a letter to Defendant's counsel, informing her that Woody Calhoun had incurred over $365,000.00 in medical bills as a result of the accident and providing relevant documentation.

On August 29, 2011, Plaintiffs filed their Complaint [5-3] in the Circuit Court of Jefferson Davis County, Mississippi. They served Defendant on September 2, 2011. Plaintiffs brought claims of negligence, negligent hiring and retention, and loss of consortium. They demanded a variety of monetary damages, including past and future emotional suffering, past and future physical suffering, past and future medical

expenses, disfigurement, loss of enjoyment of life, loss of consortium, and fees and expenses. Plaintiffs did not, however, demand a specific amount of damages.

On April 2, 2012, Plaintiffs provided Defendant with responses to interrogatories [5-5]. In response to an interrogatory concerning the amount and categories of damages, Plaintiffs represented that Mr. Calhoun had accrued at least $598,520.00 in medical bills.

On May 1, 2012, Defendant removed the case to this Court on the basis of diversity jurisdiction. Plaintiffs promptly filed a motion to remand, which the Court now addresses.

## **II. DISCUSSION**

"[F]ederal courts are courts of limited jurisdiction, having only the authority endowed by the Constitution and that conferred by Congress." *Halmekangas v. State Farm Fire & Cas. Co.*, 603 F.3d 290, 292 (5th Cir. 2010). This Court has removal jurisdiction in any case where it has original jurisdiction, 28 U.S.C. § 1441(a), and it has "original jurisdiction of all civil matters where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between . . . [c]itizens of different States . . . ." 28 U.S.C. § 1332(a).

The parties agree that this case meets the requirements for diversity jurisdiction. They disagree as to whether Defendant timely removed the case pursuant to 28 U.S.C. § 1446, which provides:

> (b) The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for

2

relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has been filed in court and is not required to be served on the defendant, whichever period is shorter.

If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

28 U.S.C. § 1446(b) (2011).[1]

## A.     *The Face of the Complaint*

First, Plaintiffs argue that it was apparent from the face of the Complaint that the amount in controversy exceeded the minimum jurisdictional amount. "[F]or the purposes of the first paragraph of § 1446(b), the thirty day time period in which a defendant must remove a case starts to run from defendant's receipt of the initial pleading only when that pleading affirmatively reveals on its face that the plaintiff is seeking damages in excess of the minimum jurisdictional amount of the federal court." *Chapman v. Powermatic, Inc.*, 969 F.2d 160, 163 (5th Cir. 1992). Therefore, even if the complaint does not specify an amount of damages, the case may be removable if it is facially apparent that the damages sought or incurred exceed the minimum jurisdictional amount. *De Aguilar v. Boeing Co.*, 11 F.3d 55, 57 (5th Cir. 1993).

In their Complaint, Plaintiffs alleged that Mr. Calhoun's vehicle "was violently

---

[1] Section 1446 was amended in late 2011, but the amendments apply to actions commenced on or after January 6, 2012. *See* Federal Courts Jurisdiction and Venue Clarification Act of 2011, 112 P.L. 63, 125 Stat. 758.

3

struck" by Defendant's truck, which Plaintiffs alleged was "traveling at a significantly higher rate of speed than the road design and other road conditions warranted." Plaintiffs averred that the accident "caused significant damage" to Plaintiffs' vehicle and "caused Mr. Calhoun to suffer tremendous physical injury." Plaintiffs sought compensation for Mr. Calhoun's physical injuries, past and future physical and emotional suffering, loss of enjoyment of life, past and future medical bills, disfigurement, and attorney's fees. They also sought compensation for Mrs. Calhoun's loss of consortium.

In the Court's opinion, it is not facially apparent from the Complaint that Plaintiffs are seeking damages in excess of the jurisdictional minimum. While Plaintiffs have alleged a wide variety of damages, they have provided no specific factual allegations regarding the extent of damages. For example, Plaintiffs provided no details as to the nature of Mr. Calhoun's injuries, the damage to his vehicle, the types and duration of medical treatment he received, or the amount of his medical bills. At best, the allegations of the Complaint demonstrate that it is possible – or even probable – that the amount in controversy exceeds $75,000.00, but it is not apparent.[2]

---

[2]*See Harden v. Field Mem'l Cmty. Hosp.*, 265 F. App'x 405, 408 (5th Cir. 2008) (plaintiff's allegations of a fractured nose, fractured jaw, lacerations to her face and gums, broken dentures, and contusions to her face and body did not provide sufficient notice to defendant that the amount in controversy exceeded the jurisdictional minimum); *Davis v. Office Max*, 2011 U.S. Dist. LEXIS 137613, at *10-*11 (S.D. Miss. Nov. 29, 2011) (where plaintiff alleged that she suffered extreme emotional distress, pain, suffering, mental anguish, lost wages, and medical expenses after a mechanical door closed on her wrist, it was possible, but not facially apparent, that the amount in controversy exceeded $75,000); *Reed v. Flores*, 2009 U.S. Dist. LEXIS 105175, at *7 (N.D. Miss. Nov. 10, 2009) (where

## B. *"Other Paper"*

Next, Plaintiffs argue that correspondence between their counsel and Defendant's counsel prior to the commencement of the action constituted "other paper" within the meaning of Section 1446(b). The Fifth Circuit has unequivocally addressed this issue: "The plain language of the second paragraph of § 1446(b) requires that if an 'other paper' is to start the thirty-day time period, a defendant must receive the 'other paper' after receiving the initial pleading." *Chapman*, 969 F.2d at 164; *see also Hiles v. Wal-Mart Stores East, LP*, 618 F. Supp. 2d 565, 567 (S.D. Miss. 2009). Defendant received the correspondence at issue prior to the commencement of the case. Therefore, it is not "other paper" within the meaning of Section 1446(b). Defendant's subjective knowledge of the actual amount in controversy is irrelevant. *Bosky v. Kroger Tex., LP*, 288 F.3d 208, 210 (5th Cir. 2002); *S.W.S. Erectors v. Infax, Inc.*, 72 F.3d 489, 494 (5th Cir. 1996).

## C. *Waiver*

Finally, Plaintiffs argue that Defendant waived its right to remove the case by filing a counterclaim and participating in discovery in state court. However, "the right to removal is not lost by participating in state court proceedings short of seeking an adjudication on the merits." *Tedford v. Warner-Lambert Co.*, 327 F.3d 423, 428 (5th Cir. 2003). Defendant did not seek an adjudication on the merits in state court.

---

plaintiff alleged severe physical and emotional damage, loss of vision in one eye, pain and suffering, and medical expenses, it was not facially apparent that her damages exceeded $75,000).

Accordingly, it did not waive its right to removal.

## III. Conclusion

For the reasons stated above, the Court **denies** Plaintiffs' Motion to Remand [5]. The parties shall contact the chambers of the Magistrate Judge as instructed in the Court's order [8] of May 30, 2012.

SO ORDERED AND ADJUDGED this, the 19th day of June, 2012.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE