IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

**WOODY C. CALHOUN, et al.**                                             **PLAINTIFFS**

**V.**                           **CIVIL ACTION NO. 2:12-CV-70-KS-MTP**

**GROUP CONTRACTORS, LLC**                                **DEFENDANT**

**MEMORANDUM OPINION AND ORDER**

For the reasons stated below, the Court **grants in part and denies in part** Defendant's Motion for Summary Judgment [38]. The Court grants the motion as to Plaintiff's claims of negligent hiring, retention, and entrustment, but the Court denies the motion as to Plaintiff's negligence claim arising from the actions of Defendant's employee.

**I. BACKGROUND**

This is a tort case arising from an automobile accident that occurred at the intersection of U.S. Highway 84 and Mississippi Highway 42 in Prentiss, Mississippi. Plaintiff was traveling north on Highway 42 in a light pickup truck. Damon Scott Ritchie, in the course and scope of his employment by Defendant, was traveling east on Highway 84 in a tractor-trailer. Ritchie had the right of way, and Plaintiff was required to stop and yield. Plaintiff pulled out in front of Ritchie, and he was injured in the ensuing accident.

Plaintiff filed a Complaint [1-2] in the Circuit Court of Jefferson Davis County, Mississippi, asserting claims of negligence and negligent hiring/retention/entrustment. Defendant removed the case and eventually filed its Motion for Summary Judgment, which the Court now considers.

**II. DISCUSSION**

Plaintiff conceded his claims of negligent hiring, negligent retention, and negligent entrustment. Therefore, only his respondeat superior negligence claim remains. Defendant argues that summary judgment in its favor is appropriate because 1) it is undisputed that Plaintiff failed to yield the right of way as required by law, and 2) it is undisputed that Plaintiff operated his vehicle while his vision was severely impaired. Defendant contends that these facts render Plaintiff negligent as a matter of law, and that Plaintiff was the sole proximate cause of the accident.

Mississippi's driving statutes do not supplant the common-law duty of ordinary care which governs motorists' behavior. *Smith v. Waggoners Trucking Corp.*, 69 So. 3d 773, 778 (Miss. 2011). Every person operating a motor vehicle on Mississippi's roads has a "common-law duty of exercising ordinary and reasonable care under the circumstances, to avoid injury to the person or property of another." *Id.* This duty exists independently of any statutes, and a person may breach it despite having complied with all applicable driving statutes. *Id.*

Defendant provided substantial evidence of Plaintiff's negligence. Much of it is undisputed. But Plaintiff presented evidence that Defendant's driver, Ritchie, was also negligent. Ritchie described the scene of the accident as a "blind intersection" which sits at the top of a hill on Highway 84. He admitted that he was traveling 64-65 mph as he approached the intersection. He had his cruise control set and did not brake until he saw Plaintiff pull out in front of him. Plaintiff provided evidence that the speed limit at the intersection on the date of the accident was 55 mph, as indicated by two "yellow double diamond signs on both sides of the intersection." Although MDOT records verify the signs'

presence on the date of the accident, Ritchie claims that they were not there.

There are genuine disputes of material fact as to whether Ritchie contributed to the accident by speeding, and whether he exercised ordinary and reasonable care as he approached the intersection. Even if Plaintiff failed to yield, Defendant's employee may have contributed to the accident. "Mississippi is a pure comparative negligence state. Where negligence by both parties is concurrent and contributes to injury, recovery is not barred. Instead, the plaintiff's recoverable damages are diminished by the proportion of her contributed negligence. Thus, a plaintiff . . . , although likely highly negligent herself, may still recover from a defendant whose negligence contributed to her injuries." *Smith*, 69 So. 3d at 780; *see also Tharp v. Bunge Corp.*, 641 So. 2d 20, 24 (Miss. 1994) (even a plaintiff 99% negligent is entitled to recover the 1% attributable to the defendant). Therefore, summary judgment would be inappropriate.

### III. CONCLUSION

For the reasons stated above, the Court **grants in part and denies in part** Defendant's Motion for Summary Judgment [38]. The Court grants the motion as to Plaintiff's claims of negligent hiring, retention, and entrustment, but the Court denies the motion as to Plaintiff's negligence claim arising from the actions of Defendant's employee.

SO ORDERED AND ADJUDGED this, the 10th day of June, 2013.

>*s/Keith Starrett*
>UNITED STATES DISTRICT JUDGE